Daniels, J.
This action like the case of Miller v. Parkhurst (ante, p. 759), has been brought for an accounting of the rents and profits of premises conveyed by Robert H. Berdell to-Sylvester C. Parkhurst in 1862 in trust to collect the rents and profits of the premises, and apply the proceeds, after deducting necessary expenses thereof, to the use and benefit of the three children of the grantor in the deed, during their minority, and to convey the equal one-third part of the premises by deed in fee to each of such children as they should respectively attain the age of twenty-one years. The plaintiff was one of the three children for whose benefit the trust was created, and to whom, according to the terms of the deed, one-third of the real estate was to be conveyed upon the attainment by him of the age of twenty-one years. He became twenty-one years of age on the 15th of April, 1873. At or near the same time as the deed was executed and delivered Robert H. Berdell executed and delivered an assignment of corporate shares of stock to Parkhurst, to be used by him in the payment of a mortgage of $13,000 upon the property described in the deed. Parkhurst by a covenant in the deed accepted the trusts and agreed faithfully and dilligently to perform them and by a covenant in the assignment he agreed to sell and dispose of the stocks and with the proceeds to pay and satisfy the mortgage. The stocks were afterwards exchanged for bonds, but neither was used for the payment of the mortgage. Parkhurst died in the year 1867, and during his lifetime it was shown by the evidence and found by the referee, that he entrusted the care and management of the real estate to Berdell, the grantor in the deed. The rents and profits were collected and credited in the books of Berdell to Parkhurst, the trustee. During this time and through the minority of the plaintiff he was supported and maintained by his father, the grantor in the deed, and in that manner the strong probabilities are that both himself, and his elder brother and his sister, who was younger than himself, secured the. benefit designed for them by the deed, by the application of the net proceeds of the property to their use. The transaction was equivalent to an adjustment between Parkhurst of these rents and profits and Robert H. Berdell, the father and natural guardian and cus *792 todian of these children. The referee in his report has proceed upon that view of the case, for he has concluded in the absence of proof to the contrary, that the trustee did during his lifetime apply the plaintiff’s share of. the rents ana profits of the trust estate to the plaintiff’s use. And under the evidence this was probably done in the manner already stated. And that sufficiently sustained the conclusion of the referee to prevent interference with it .by the action of an appellate court.
The trust deed was not recorded by the trustee in his lifetime, and prior' to his decease and after the attainment of the age of twenty-one years by him, it went into the possession of Theodore Berdell, the oldest son of the grantor, and it remained in his possession until the plaintiff became twenty-one years of age, when it in like manner passed into, his possession, and was retained by each of these persons without being recorded. The grantor in the deed in 1874 conveyed away the property to a purchaser without notice and for value, and in that manner terminated the trust, and defeated the power in trust contained in the deed. For the plaintiff’s interest in the estate itself under the deed other property was conveyed to him by his father. That satisfied him for the one-third of the property conveyed in trust by the trust deed, and consequently extinguished his right to claim any benefit under the agreement by which the_ corporate shares of stock were assigned as a means of satisfying-the mortgage upon the trust property. What he was entitled to was one-third in remainder of that property when he attained the age of twenty-one years. That right was defeated by the conveyance of the property by his father during the next year, and in the adjustment which was made what was considered to be equivalent property, was conveyed to him by his father. After that he had no legal claim against him, or the testator, under this portion of the. deed, and no further interest in the stocks assigned to pay off the mortgage upon the trust property.
A further legal obstacle is presented to the assertion of his. right to any portion of the assigned property, or of its proceeds, in the fact that the covenant for its disposition, and payment of the proceeds upon the mortgage was made directly and exclusively with Robert H. Berdell. And if the assignee failed to account with him for the bonds received for the stocks, the right of action for indemnity has been vested in the assignor and to no extent whatever in the plaintiff of this action.
The position has been taken in behalf of the plaintiff that the referee should have disposed of this action as a suit upon a Sealed instrument, as the trustee became a party-to the deed and subscribed it under seal. But such was not the form of the action instituted in behalf of the plaintiff. And even if it had been, the fact that the rents and proceeds of the trust estate were received by the father of the plaintiff *793 as they accrued, and he supported and maintained his son as a member of his family, the presumption would still arise, as this case was proved by the evidence that he had in this manner been secured all the advantages intended to be enjoyed by him under the trust created by the deed. The judgment for these reasons seem to have been correctly recovered, and it- should be affirmed.
Van Brunt, Ch. J., and Bartlett,. J., concur.